# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**RONALD FRANK JACKSON,**

    Plaintiff,

v.                                                                  Civil Action No. 7:14-CV-82 (HL)

**BANK OF AMERICA, N.A.,**

    Defendant.

## ORDER

Plaintiff Ronald Frank Jackson ("Jackson") filed this action on May 29, 2014, in an attempt to rescind a loan obtained on January 16, 2009 and to avoid foreclosure on his primary residence. Defendant Bank of America, N.A. ("BOA") filed a Motion to Dismiss the Complaint on August 15, 2014. (Doc. 8). Plaintiff thereafter amended his Complaint on September 5, 2014, rendering the original Motion to Dismiss moot. In his Amended Complaint, Plaintiff raises claims for (1) rescission under 15 U.S.C. § 1635; (2) damages for alleged violations of the disclosure requirements under the Truth in Lending Act ("TILA"); (3) wrongful foreclosure; (4) fraudulent business practices; and (5) emotional distress. This case is now before the Court on Defendant's renewed Motion to Dismiss. (Doc. 14). For the reasons discussed below, the Court finds that Plaintiff has failed to

state a cause of action to support any of his claims and grants Defendant's Motion to Dismiss.

**I.    FACTS**

Accepting the factual allegations of the Complaint as true, and construing them in the light most favorable to Jackson, the relevant facts are as follows:

On December 23, 2008, Jackson purchased a home located at 910 Williamsburg Drive, Valdosta, Georgia. (Doc. 13, ¶ 7). In order to secure the funds to purchase the residence, Jackson borrowed the principal amount of $191,503.22 from Southern Mortgage Unlimited, Inc. in Tifton, Georgia. (Id.). Shortly thereafter, Jackson received a telephone call from the offices of Taylor, Bean & Whitaker ("TBW"), requesting that he return to the closing table to refinance the loan. (Id., ¶ 8). On January 16, 2009, Jackson obtained a new loan from TBW for the principal amount of $202,600.00, for a 30-year term and a fixed interest rate of 5.25%. (Id.).

According to Jackson, at the time of the closing TBW provided him both with a Notice of Right to Cancel and an Election not to Rescind as required by the TILA, though Jackson alleges that the lender gave him a single copy rather than the two mandated by the TILA. (Id., ¶¶ 8-9, 12). The Notice of Right to Cancel, dated January 16, 2009, instructs the borrower that he has the right to cancel the transaction within three business days, or by January 21, 2009, by sending written notification to the lender. (Doc. 13-1, p. 18). In contrast, the

Election Not to Rescind, which is only to be signed after the time for rescission has expired, is a statement that the borrower does not wish to rescind the contract. (Id., p. 20). Jackson alleges TBW required that he simultaneously execute both forms. (Doc. 13, ¶ 10).

On January 19, 2009, Jackson completed the "I Wish to Cancel" section of the Notice of Right to Cancel form and then faxed and mailed the executed document to the address listed thereon. (Id., ¶ 9, 13). Jackson contends that the lender then altered the date on the Election Not to Rescind from January 16, 2009 to January 22, 2009 and forged his initials beside the change. (Id., ¶ 11).

Jackson states that he contacted TBW on January 26, 2009 to verify receipt of his Notice of Right to Cancel. (Id., ¶ 16). An agent assured him that the lender received the notice and informed him that he would be contacted. (Id). Jackson heard nothing further from TBW, and TBW never returned sums Jackson paid in relation to the loan. (Id., ¶ 17).

Effective July 1, 2011, Defendant BOA by virtue of purchase and assignment of the loan documents at issue in this case became the servicer of Jackson's loan. (Id., ¶¶ 24, 26). Jackson notified BOA by letter of his belief that the loan had been rescinded. (Id., ¶ 27). Despite Jackson's repeated efforts to inform both TBW and BOA of the rescission, BOA persists in its attempts to collect on the note and to institute foreclosure proceedings. (Id., ¶¶ 28-34).

## II.   MOTION TO DISMISS STANDARD

When examining a motion to dismiss, the court must accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999). The court, however, need not accept any legal conclusions asserted in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). A court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682 (1946)). "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

Accordingly, to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While there is no probability requirement at the pleading stage, "something beyond . . . mere

4

possibility . . . must be alleged." Twombly, 550 U.S. at 557 (citing Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Id. at 556. Rule 12(b)(6) does not permit dismissal of a complaint "simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556).

In general, a plaintiff is "not required to negate an affirmative defense in [his] complaint." LaGrasta v. First Union Sec., Inc., 368 F.3d 840, 845 (11th Cir. 2004) (quoting Tregenza v. Great American Commc'ns Co., 12 F.3d 717, 718 (1993)). Therefore, "the existence of an affirmative defense will not support a motion to dismiss." Quiller v. Barclays American/Credit, Inc., 727 F.3d 1067, 1069 (11th Cir. 1984), en banc reh'g, 764 F.2d 1400 (11th Cir. 1985) (per curiam). However, a court reviewing a motion to dismiss may consider an affirmative defense, such as a statute of limitations defense, "if it is apparent from the face of the complaint that the claim is time-barred." LaGrasta, 368 F.3d at 845.

### III.  ANALYSIS

BOA contends that Jackson's claims for rescission and nondisclosure pursuant to the TILA fail as a matter of law because Jackson's subsequent actions, namely his recognition of the loan in the execution of multiple quit claim

5

deeds, contradicts Jackson's position that he effectively rescinded the loan. BOA further argues that Jackson failed to allege that he properly notified the lender of his intent to rescind the loan and that, even if Jackson did rescind the loan, he has not plead that he is able to meet his equitable obligation to tender any funds he received in connection with the loan. The Court need not reach these arguments, though, because, taking the allegations presented in Jackson's Amended Complaint as true, the Court concludes that Jackson's TILA claims are barred by the applicable statute of limitations.

The Truth in Lending Act ("TILA") was enacted to protect consumers against uninformed use of credit by requiring meaningful disclosure of credit terms and to protect against inaccurate and unfair credit billing and credit card practices. 15 U.S.C. § 1601(a); Jesinoski v. Countrywide Home Loans, Inc., 135 S.Ct. 790, 791-92 (2015). TILA thus requires creditors to provide consumers with "clear and accurate disclosure of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights," including the right of rescission. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). The Act grants borrowers the unconditional right to rescind the loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor . . . of his intention to do so." 15 U.S.C. § 1635(a). The right to rescind may be extended for up to three years if the lender fails to make all of the

material disclosures to the borrower as required by the TILA. 15 U.S.C. § 1635(f). The conditional right to rescind does not last forever; "[e]ven if a lender *never* makes the required disclosures, the right of rescission expires three years after the consummation of the transaction). Jesinoski, 135 S.Ct. at 792 (emphasis in original).

When a borrower exercises a valid right of rescission, the creditor must act within twenty days of receipt of the notice of rescission, returning the borrower's money and terminating its security interest. 15 U.S.C. § 1635(b). Failure to respond to the borrower's request constitutes a separate TILA violation. 15 U.S.C. § 1640(a). A one year statute of limitations for violations of rescission under § 1635(b) then runs from twenty days after a plaintiff provides notice of rescission. Id.; Frazile v. EMC Mortg. Corp., 382 Fed. App'x 833, 839 (11th Cir. 2010).

It is facially evident from any construct of Jackson's Amended Complaint that his rescission claim is barred by the TILA's one-year statute of limitations. Jackson executed the mortgage loan documents on January 16, 2009 and purportedly provided the lender written notice that he was exercising his right to rescind within the three day statutory cooling off period on January 19, 2009. The lender had twenty days from January 19, 2009, or by February 8, 2009, in which to respond. Jackson thereafter was required to file suit within one year. Jackson did not file the foregoing lawsuit until May, 29, 2014, more than four years after

7

the expiration of the statute of limitations.[1] Jackson has, accordingly, failed to state a viable claim for rescission.

Jackson's separate claims for alleged TILA disclosure violations and resulting claim for monetary damages and attorney's fees are similarly time-barred. In his Amended Complaint, Jackson avers that the lender violated TILA disclosure requirements by not providing Jackson two copies of the Notice of Right to Cancel and by requiring Jackson to execute the Notice of Right to Cancel and Election Not to Rescind on the same day. Even assuming these allegations to be true, Jackson cannot recover. Where a Court determines that a creditor has violated TILA disclosure requirements, money damages may be awarded in addition to rescission of the transaction. See 15 U.S.C. §§ 1635(g), 1640. A TILA nondisclosure "'violation "occurs" when the transaction is consummated,' in other words, at the time of closing of a residential mortgage transaction." Frazile, 382 Fed. App'x at 838 (quoting Smith v. Am. Fin. Sys., Inc. (In re Smith), 737 F.2d 1549, 1552 (11th Cir. 1984)). However, as with a claim for rescission, any suit for damages resulting from a purported nondisclosure violation must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Jackson's nondisclosure claims are almost five years too late.

---

[1] Even if the Court were to find that Jackson satisfied the three year period of rescission by virtue of his July 13, 2011 letter to BOA disputing the validity of the debt (Doc. 13-1, p. 26), which Jackson notably did not even attempt to argue, his rescission claim still would be prohibited by the one year statute of limitations.

Jackson's Amended Complaint raises three additional causes of action for wrongful foreclosure (Count III), fraudulent business practices (Court V), and emotional distress (Count V). In responding to BOA's motion to dismiss, Jackson addresses only the TILA claims set forth in Counts I and II. The only defense Jackson offers in relation to his other claims is a generalized statement that he has alleged sufficient facts that, if proved, would lead to recovery. BOA notes Jackson's relative silence on his remaining claims and argues that those claims have been abandoned and should be dismissed. The Court concurs and dismisses Jackson's claims for wrongful foreclosure, fraudulent business practices, and emotional distress. See Resolution Trust v. Dunman, 43 F.3d 587, 599 (11th Cir. 1995) (affirming the dismissal of plaintiff's claims at the summary judgment stage, stating "the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned"); Marx v. Ga. Dep't of Corr., 2013 U.S. Dist. LEXIS 135360, at * (M.D. Ga. Sept. 23, 2013) (dismissing plaintiff's ADA claims as abandoned where plaintiff neglected to respond to defendant's motion to dismiss those claims); Lawson v. ADT Sec. Servs., Inc., 899 F. Supp. 2d 1335, 1337-38 (M.D. Ga. 2012) (granting defendant's motion for judgment on the pleadings for those claims plaintiff failed to defend in response).

## IV. CONCLUSION

Finding that Plaintiff's claims are time-barred, the Court grants Defendant's Motion to Dismiss (Doc. 14) with prejudice. Defendant's original Motion to Dismiss (Doc. 8) is denied as moot. The Clerk is directed to enter judgment in favor of Defendant.

**SO ORDERED**, this 28th day of September, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks