## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**RONALD FRANK JACKSON**,

     Plaintiff,

v.                                                         Civil Action No. 7:14-CV-82 (HL)

**BANK OF AMERICA, N.A.,**

     Defendants.

## ORDER

On September 28, 2015, this Court entered an Order (Doc. 22) and Judgment (Doc. 23) granting Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff Ronald Frank Jackson's Amended Complaint, which raised claims for rescission under 15 U.S.C. § 1635; damages for alleged violations of the Truth in Lending Act; wrongful foreclosure; fraudulent business practices; and emotional distress. Plaintiff filed a *pro se* Notice of Appeal (Doc. 24) on October 27, 2015, seeking review of this Court's Order. Presently before the Court is Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* ("IFP"). (Doc. 25).

Review of Plaintiff's Notice of Appeal reveals that Plaintiff's request is styled more in the fashion of a motion for reconsideration rather than a notice of appeal. As Plaintiff is proceeding without the assistance of legal counsel, the Court deems it appropriate to construe Plaintiff's Notice of Appeal as a motion to

alter or amend judgment pursuant to Federal Rule of Civil Procedure Rule 59(e). The Court will, alternatively, review Plaintiff's motion to appeal IFP.

### Motion to Alter or Amend the Judgment

Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotation and punctuation omitted). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id.

Plaintiff does not argue that the Court made any erroneous determination of law or fact. Rather, the substance of Plaintiff's motion requests the opportunity to present new evidence. In its Order granting Defendant's motion to dismiss, the Court found that Plaintiff's rescission and nondisclosure claims asserted pursuant to the TILA failed as a matter of law because Plaintiff neglected to file suit prior to the expiration of the applicable one-year statute of limitations. (Doc. 22, pp. 7-8). Plaintiff now attempts to introduce new evidence that he received communication from the United States Government instructing him to stop making his mortgage payments and argues that the statute of limitations should have been waived since he received no further communication from the Government. Plaintiff offers no indication that this evidence previously was unavailable to him. Plaintiff had

2

the opportunity to assert in defense of the motion to dismiss that the statute of limitations should have been equitably tolled, but he did not. The law does not permit Plaintiff to make the argument now in retrospect.

Plaintiff next requests that the Court grant a 120 day extension of time for him to retain a new attorney to address his claims for wrongful foreclosure, fraudulent business practices, and emotional distress. Plaintiff raised these claims in Counts III, IV, and V of his Amended Complaint. However, Plaintiff failed to respond to Defendant's motion to dismiss these counts for failure to state a claim. The Court accordingly found that Plaintiff abandoned those claims. Plaintiff does not now question the legality of that decision. Instead, he asks for a second chance to litigate his case. Such a request is not an appropriate basis for granting a Rule 59(e) motion. The motion is, therefore, denied.

**Motion to Appeal IFP**

Federal Rule of Appellate Procedure 24(a) provides that "a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court." Fed.R.App.P. 24(a). The moving party must attach an affidavit outlining an inability to pay. Id. The Court then may waive prepayment of the fees associated with an appeal upon a finding of indigence. 28 U.S.C. § 1915(a)(1); see also Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976) ("the only determination to be made by the court . . .is whether the statements in the affidavit satisfy the requirement of poverty"). The decision to grant a motion to

3

proceed IFP is discretionary. <u>Pace v. Evans</u>, 709 F.2d 1428, 1429 (11th Cir. 1983). The litigant need not prove that he is "absolutely destitute"; however, he must show that "because of his poverty, [he] is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." <u>Martinez v. Kristi Kleaners</u>, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004).

In support of his motion to appeal IFP, Plaintiff provided a long form application. The Court has considered the information provided in the application in determining whether Plaintiff is a pauper for the purposes of his appeal.

Plaintiff and his wife are both employed. Plaintiff indicates that he has been self-employed through South GA Solar Power since March 2009. His gross monthly income through his employment is $800. He earns an additional $100 per month from an unspecified source. Plaintiff's wife has been employed by her current employer since June 2014, and her gross monthly income is $1,200. Thus, their combined gross wages equal $25,200 per year, or $2,100 per month.[1]

Plaintiff states that he has a combined $196.61 in two checking accounts, and his wife as $275 in a separate checking account. Plaintiff estimates the value of his home to be approximately $189,000; however, the application does not reflect the amount of equity Plaintiff has in the house, if any. Plaintiff lists as

---

[1] In making an IFP determination, the Court can consider income provided by a spouse. <u>See</u> <u>Monti v. McKeon</u>, 600 F. Supp. 112, 114 (D.Conn. 1984). There is no indication in the motion that Plaintiff and his wife do not share their income.

additional assets two vehicles, valued at $2,300 and $16,000 respectively, and $80,000 in fine artwork. Plaintiff also indicates that he presently is owed $21,600 from three separate entities.

Plaintiff's combined monthly living expenses include: $165 for utilities; $25 for home maintenance; $460 for food; $50 for clothing; $25 for laundry and dry cleaning; $60 for medical and dental expenses; $350 for transportation; $22 for recreation; $98 for home insurance; $173 for life insurance; $56 for health insurance; $168 for car insurance; $68 for internet and cable; $68 for business insurance; and $90 for the operation of a business. Plaintiff pays $350 per month for his 2013 Hyundai Genesis automobile. He reports that he and his wife pay approximately $160 toward credit card debt each month. The combined total monthly expenses are $2,388.

Based on the information provided in Plaintiff's application, the Court finds that Plaintiff and his wife can provide necessities for themselves and also pay the filing fees associated with Plaintiff's appeal. The reported combined annual income of $25,200 places Plaintiff and his wife above the poverty level for a family of two,[2] which for 2015 is $15,930. See http://aspe.hhs.gov/2015-poverty-

---

[2] Paragraph 7 of the long form IFP application asks the affiant to list the persons who "rely on you or your spouse for support." This section generally requests the applicant to list minor dependents who reside in the household. Plaintiff lists eight individuals in this section, including his adult son and daughter-in-law and their three children, his two adult daughters, and a 17-year old granddaughter. Without more information about whether these individuals reside in Plaintiff's household and whether they have income of their own, the Court declines to include them in

guidelines. The Court also notes that prior to the filing of his notice of appeal, Plaintiff was represented by retained counsel.

The Court concludes that Plaintiff does not meet the financial criteria to proceed on appeal IFP. His motion is, therefore, denied. Should Plaintiff wish to pursue his appeal, he is advised to consult Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

**SO ORDERED**, this 2nd day of November, 2015.


*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks

---

the assessment of the total number of household members for the purpose of evaluating Plaintiff's ability to pay the filing fee.